FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> TEESHA PATTERSON, <br>     Defendant. | NO. 2:07-CR-075-LRS-2 <br><br> **MEMORANDUM OPINION** |

**BEFORE THE COURT** is Defendant's Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of The First Step Act (ECF No. 237).

The Government concedes that Defendant's 2007 conviction for Possession With Intent To Distribute 5 Grams Or More Of A Mixture Containing A Detectable Amount Of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), is covered by Section 404 of The First Step Act of 2018. As a result, the Government acknowledges Defendant would no longer be subject to a statutory mandatory minimum term of five years imprisonment for this conviction,[1] nor would she be subject to a statutory mandatory minimum term of

---

[1] Section 404 of the First Step Act makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 2 of the Fair Sentencing Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams with respect to the 5-year minimum, and from 50 grams to

**MEMORANDUM OPINION -** 1

four years supervised release.

This court found Defendant qualified as a career offender under the Sentencing Guidelines (U.S.S.G. §4B1.1) and therefore, her Total Offense Level was 31 after a three level reduction for acceptance of responsibility. This resulted in a Sentencing Guidelines range of 188 to 235 months imprisonment because Defendant's career offender status put her in Criminal History Category VI. The court sentenced Defendant to 164 months imprisonment and the statutory mandatory minimum term of four years supervised release. (ECF No. 216). Defendant has served her term of imprisonment and is currently serving her term of supervised release. She seeks a reduction of her supervised release term to three years, the statutory mandatory minimum now applicable to her conviction pursuant to retroactive application of the Fair Sentencing Act via the First Step Act. See 21 U.S.C. §841(b)(1)(C).

Defendant contends that under current law, she no longer qualifies as a career offender and therefore, her Base Offense Level would now be 16 based on a drug quantity of at least 5.6 grams, but less than 11.2 grams of Cocaine Base. U.S.S.G. §2D1.1(c)(12). With a three level reduction for acceptance of responsibility and a Criminal History Category of IV, Defendant says her Sentencing Guidelines range would now be 33-41 months. Defendant asserts that because she greatly overserved her time in prison, she is deserving of a reduction of her supervised release term.

The Government disagrees. It contends Defendant is not entitled to plenary re-sentencing that would eliminate her career offender status. According to the

---

280 grams with respect to the 10-year minimum. Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. *Dorsey v. United States*, 567 U.S. 260, 269, 132 S.Ct. 2321 (2012).

**MEMORANDUM OPINION -     2**

Government, Defendant remains subject to the career offender guidelines. Because the statutory maximum term of imprisonment would now be 20 years, instead of 40 years, her career offender Base Offense Level would be reduced to 32 pursuant to U.S.S.G. §4B1.1(b)(3). With a three level reduction for acceptance of responsibility, the Government says Defendant's Total Offense Level would now be 29, resulting in a Sentencing Guidelines range of 151-188 months based on a Criminal History Category of VI. Defendant's 164 months term of imprisonment falls within this range.

The court finds Defendant is not entitled to plenary re-sentencing under the First Step Act. 18 U.S.C. §3582(c) is the procedural vehicle through which this court may modify an imposed term of imprisonment. 18 U.S.C. §3582(c)(1)(B) authorizes the court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." Neither the Fair Sentencing Act or the First Step Act "expressly" provide for plenary re-sentencing or for reconsideration of original sentencing determinations. *United States v. Potts*, 2019 WL 1059837 (S.D. Fla. March 6, 2019) at *2. The First Step Act allows the court only to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." *Id.*, citing Pub. L. No. 115-391, 132 Stat. 5194. In *Potts*, the court concluded that although the defendant was eligible for a reduced sentence under the Fair Sentencing Act, he was not entitled to a full re-sentencing and all other determinations made at the time of his sentencing, including his designation as a career offender, remained unchanged. *Id.* at *3. See also *United States v. Sampson*, \_\_\_\_\_ F.Supp.3d \_\_\_\_\_, 2019 WL 1141528 (W.D.N.Y. March 13, 2019) at *2 and *United States v. Davis*, 2019 WL 1054554 (W.D.N.Y. March 6, 2019) at *2 (First Step Act "contemplates a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act" and "[n]owhere does [it] expressly permit . . . plenary resentencing or sentencing anew . . . ."

**MEMORANDUM OPINION  -         3**

Relief under the First Step Act is discretionary. The Act at §404(c) provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Defendant was released from prison on August 10, 2018. https://www.bop.gov/inmateloc/. She has been on supervised release for approximately eight months which is an insufficient period of time to determine her adjustment to and compliance with supervised release. The court agrees with the Government that there presently is no evidence that Defendant is deserving of and would benefit from a reduction of her supervised release term. After serving the statutory minimum of three years supervised release, Defendant can ask this court to terminate her term of supervised release and discharge her, provided such action is warranted by her conduct on supervised release and the interest of justice. 18 U.S.C. §3583(e)(1). Accordingly, the court will not reduce Defendant's four year term of supervised release pursuant to the First Step Act.

The court will enter an order ( Form AO247) consistent with this Memorandum Opinion. Copies of Form AO427 and this Memorandum Opinion will be provided to counsel of record and to the U.S. Probation Office.

**DATED** this ___27th___ day of March, 2019.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**MEMORANDUM OPINION -    4**